IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| | |
|---|---|
| AARON HELBACH, | ) |
| Petitioner, | ) Case No. 2:06-CV-89 TS |
| v. | ) District Judge Ted Stewart |
| STATE OF UTAH et al., | ) **MEMORANDUM DECISION** |
| Respondents. | ) Magistrate Judge David Nuffer |

---

Petitioner, Aaron Helbach, filed a habeas corpus petition in which he contests his conviction and sentencing in Utah state court.[1]  The Court denies the petition.

## BACKGROUND

Petitioner was convicted in state court of aggravated robbery.  He was sentenced to five-years-to-life.  Petitioner did not directly appeal, but brought a state-court case that was construed as a petition for post-conviction relief.  That petition is apparently still pending in state court.  Here, in this federal habeas petition, Petitioner poses several challenges to his conviction and sentencing.  The State responds that, because Petitioner's state petition is still pending, this Court should dismiss his federal claims as unexhausted.  It thus moves for dismissal of this federal petition.

---

[1] *See* 28 U.S.C.S. § 2254 (2008).

ANALYSIS

In general, before a petitioner may seek review of a state conviction in federal court, he must exhaust all remedies in the state court system.[2]  To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[3]  However, because Petitioner's state court case apparently has yet to be ruled upon, let alone proceed through the appellate process, he has not exhausted any of the claims he raises here.

This Court has two options regarding a petition stating only unexhausted claims.[4]  "First, it may dismiss the petition and allow the petitioner to [continue in] state court to exhaust his claims.  Second, it *may* deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies."[5]

Section 2254(b) "'does not contain the standard for determining when a court should dismiss a petition on the merits

---

[2] *See id.* § 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished).

[3] *See Picard*, 404 U.S. at 2767.

[4] *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (citing 28 U.S.C.S. § 2254(b)(1)(A) (2008)).

[5] *Id.* (emphasis added) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982); 28 U.S.C.S. § 2254(b)(2) (2008)).  "As indicated by Congress' use of the word 'may,' the court has discretion whether to dismiss without prejudice or deny the petition on the merits under such circumstances." *Hamill v. Ferguson*, 937 F. Supp. 1517, 1522 n.1 (D. Wyo. 1996).

instead of insisting on complete exhaustion.'"[6]  That section should therefore be read together with *Granberry v. Greer*,[7] which holds that, if a court is satisfied that a habeas petition lacks merit, use of the exhaustion rule to dismiss the petition may merely result in futile state court litigation.[8]  The Tenth Circuit has "observed that *Lambrix v. Singletary*[9] suggests that in the interest of judicial economy, a court should deny a habeas petition that is *easily resolvable* against the petitioner on the merits rather than require complete exhaustion."[10]  Other courts have described the dismissal of a petition on the basis of exhaustion rather than the merits as warranted when the petition "does not obviously lack merit,"[11] or is not "patently frivolous."[12]

Considering the grounds for habeas relief raised by Petitioner against the backdrop of § 2254(b)(2), the Court declines to use its discretion to dismiss this petition on the

---

[6]*Id.* at 1234 (quoting *Hoxsie v. Kerby*, 108 F.3d 1239, 1243 (10th Cir. 1997)).

[7]481 U.S. 129 (1987).

[8]*See Moore*, 288 F.3d at 1234 (citing *Hoxsie*, 108 F.3d at 1243; *Granberry*, 481 U.S. at 133).

[9]520 U.S. 518, 525 (1997).

[10]*Rudolph v. Galetka*, No. 99-4207, 2000 WL 33407004, at *3 (D. Utah May 23, 2000).

[11]*Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999).

[12]*Goines v. Walker*, 54 F. Supp. 2d 153, 155 (E.D.N.Y. 1999).

merits.[13]  First, it is not readily apparent that Petitioner has wholly failed to raise a "colorable federal claim[]."[14]  The Court therefore cannot say that Petitioner's claims obviously have no merit or are patently frivolous.[15]  Moreover, resolution of at least some of Petitioner's allegations would entail a review of trial court records.[16]

Accordingly, "the claims are not 'easily resolvable' against the petitioner."[17]  And, "it is appropriate that [P]etitioner's . . . claim[s] be heard by a . . . [s]tate court before this Court passes on [them]."[18]

Finally, Petitioner asks this Court to "stay and abey" this petition, pending his attempts to exhaust his claims in the state-court system.  He cites *Rhines v. Weber*[19] as support for this request.  However, *Rhines* offers the solution of "stay and abeyance . . . only in limited circumstances" in cases involving

---

[13] *See Rudolph, 2000 WL 33407004*, at *3.

[14] *See id*.  When dismissing an unexhausted petition on the merits under § 2254(b)(2), "it is the entire petition, rather than individual claims, that must be dismissed."  *Moore, 288 F.3d at 1234*.  To dismiss this petition on the merits, then, this Court must be convinced that not one of Petitioner's claims is "colorable."

[15] *See Rudolph, 2000 WL 33407004*, at *3; *Mercadel, 179 F.3d at 276*; *Goines, 54 F. Supp. 2d at 155*.

[16] *See Rudolph, 2000 WL 33407004*, at *3.

[17] *Id*. (citing *Cowans v. Artuz, 14 F. Supp. 2d 503, 507 (S.D.N.Y. 1998)* (dismissing petition for failure to exhaust when claims could not be resolved "without reviewing virtually the entire trial and appellate record")).

[18] *Goines, 54 F. Supp. 2d at 157*.

[19] *544 U.S. 269 (2005)*.

"mixed petitions."[20]  Mixed petitions include both exhausted and unexhausted claims in the very same petitions.[21]  This is not such a case.  Therefore, the Court denies Petitioner's request for stay and abeyance here.[22]

IT IS THEREFORE ORDERED that Respondent's motion to dismiss is GRANTED.[23]  Petitioner's § 2254 petition is dismissed without prejudice because he has failed to exhaust his claims in state court.

DATED this 7th day of July, 2008.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court

---

[20] *Id.* at 277.

[21] *Id. at 271*.

[22] When refiling this federal habeas petition after exhausting his state remedies, Petitioner is seriously cautioned to keep in mind the running of the federal period of limitation.  See U.S.C.S. § 2244(d) (2008).  According to the State's calculations, included in its response, only about 25 days remain.  So, once Petitioner's process of pursuing his state petition for post-conviction relief has ended--through a petition for certiorari review with the Utah Supreme Court--he apparently has but 25 days in which to get his federal habeas claims refiled.

[23] (*See* File Entry # 15.)